UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY NIXON,

                Plaintiff,         Civil Action No. 2:18-cv-12118
                                        Honorable David M. Lawson
v.                                       Magistrate Judge David R. Grand

GENERAL MOTORS CORPORATION,

                Defendant.

_____/

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. § 1915(e)

**I.    RECOMMENDATION**

*Pro se* plaintiff Tracy Nixon ("Nixon") filed her complaint in this matter on July 5, 2018, against defendant General Motors Corporation ("GM"). (Doc. #1). Nixon has been granted permission to proceed *in forma pauperis* in this case, which the Honorable David M. Lawson referred to the undersigned pursuant to 28 U.S.C. § 636(b) for general case management and screening under 28 U.S.C. § 1915(e)(2)(B). (Docs. #5, 6). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Nixon's complaint be **DISMISSED *SUA SPONTE*** for failure to state a claim for relief.

**II.    REPORT**

    **A.    Background**

Substantively, Nixon's complaint consists of only a few conclusory handwritten sentences accusing GM of copyright infringement with respect to the 2016 and 2017 Chevrolet Corvette C7 Z06 automobile. Specifically, Nixon alleges the following:

> All conditions precedent have occurred. Plaintiff is a U.S. Citizen that Designed the Corvette 2016, 2017 C7 Z06 Body Style. The Body Style of the Corvette was designed in or about 1989-1990 with ground effects. Herein mentioned the hood, the ground effects the rear tail was designed in Dallas, Texas created from fiberglass moulding Defendant Infringed plaintiff's copyright by publishing and placing on the market a corvette Chevrolet 2016 C7 Z06 2017 with the same body style or the Corvette designed by Plaintiff which was Largely copied from Plaintiff [sic] copyrighted Corvette design.

(Doc. #1 at 5).

Nixon alleges that as a result of GM's alleged copyright infringement, she suffered actual damages of one hundred fifty million dollars, and punitive damages of forty billion dollars. (*Id.* at 6). Nixon further requests "statutory damages for willful infringement for actual damages plus the amount of [GM's] profits attributable to the infringement or in the alternative defendant pay punitive or exemplary damages for 40 Billion." (*Id.*).

### B.     Legal Standards

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e)(2)(B), which provides that a court "shall dismiss" an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. § 1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Although the Court must liberally construe complaints filed by *pro se* litigants, *see*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such litigants must nevertheless satisfy the basic

2

pleading requirements in Fed. R. Civ. P. 8(a), including the requirement that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). While this notice pleading standard does not require highly detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *See* Twombly, 550 U.S. at 555.

In general, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly,* 550 U.S. at 570, and must plead those facts with enough specificity "to raise a right to relief above the speculative level." (*Id.* at 555). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the contrary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Moreover, to satisfy the Federal Rules' pleading requirements, "a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, she must identify the 'specific original work [that] is the subject of the claim' as well as 'by what acts' the defendant infringed the copyright." *Sharp v. Patterson*, No. 03 Civ 8772, 2004 WL 2480426, at *12-13 (S.D.N.Y. Nov. 3, 2004).

Under these standards, and for the reasons discussed below, the bare, conclusory allegations asserted in Nixon's complaint fail as a matter of law to state a claim for relief.

### C. Analysis

Nixon purports to assert a copyright infringement claim against GM. It is unclear, however, under which section within Title 17 of the United States Code – which contains the United States copyright laws – the claim is being asserted. Regardless of the specific type of copyright claim Nixon intends to assert, his complaint is wholly lacking the facts necessary to show a prima facie case of copyright infringement.

First, pursuant to 17 U.S.C. § 411(a), and subject to certain inapplicable exceptions, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Nixon does not allege any facts in his complaint that show he has satisfied this precondition to commencing this action.[1]

Second, "[t]o establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Niemi v. Am. Axle Mfg. & Holding Inc.*, No. 05-74210, 2008 WL 905558, at *6 (E.D. Mich. Mar. 31, 2008). *See also, North Atl. Operating Co., Inc. v. Jingjing Juang*, No. 15-14013, 2017 WL 1856277, at *4 (E.D. Mich. May 9, 2017). Nixon's complaint fails to allege any facts as to either element. His complaint does not contain any facts suggesting that he owned a valid copyright; he did not identify a federal copyright registration owned by him, and he failed to provide any specifics about his purported copyright's creation or contours. Nixon's complaint also failed to provide any specific allegations as to when or how GM copied Nixon's original work, and

---

[1] The conclusory assertion in Nixon's complaint that "[a]ll conditions precedent have occurred" (Doc. #1 at 5), is insufficient to satisfy § 411(a) because this is a bare "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Nixon's assertion that GM "[i]nfringed [his] copyright by publishing and placing on the market a corvette Chevrolet 2016 C7 Z06 2017 with the same body style or the Corvette designed by Plaintiff" is nothing more than a bare "legal conclusion couched as a factual allegation" that is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678.[2]

Accordingly, Nixon's complaint fails to state a claim for relief, and dismissal under § 1915(e)(2)(B) is appropriate. *See Todd v. President of Venus Enterprises*, No. C/A 3:08-3644-MBS, 2008 WL 5378218, at *2 (D.S.C. Dec. 19, 2008) (dismissing *sua sponte in forma pauperis* complaint for copyright violation because "the plaintiff's allegations . . . fail to give any facts related to the alleged copyright creation or infringement (including dates, places, or subject matter of the copyright). As a result, the vague allegations are not sufficient to put the defendant on notice of the grounds upon which the plaintiff's claim rests."); *Chambers v. Amazon.com Inc.*, 632 F. App'x 742, 744 (4th Cir. 2015) (affirming *sua sponte* dismissal of *in forma pauperis* complaint for copyright violation where plaintiff "did not set forth sufficient facts in his complaint to establish either that he possessed a valid copyright or that any of the Defendants reproduced copyrighted work.").[3]

---

[2] On July 30, 2018, Nixon filed a copy of his February 20, 2018 "Demand Letter" to General Motors in which he again claims to be the "original designer" of the aforementioned Corvette automobiles, including the cars' "front splitter, rocker panels and rear spoiler." (Doc. #13 at 2). These conclusory allegations do not change the above analysis as they fail to contain factual details establishing that Nixon has a copyright in the alleged designs.

[3] Finally, while it does not factor into the Court's above analysis, it is worth noting that Nixon has been sanctioned in the Northern District of Texas for "filing frivolous civil lawsuits." In one recent case, the court wrote:

> Because [Nixon] persists in filing frivolous civil lawsuits, he is instructed that he may not re-file this complaint or any other civil action in this Court without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis.* The Clerk of Court is ORDERED to docket—for administrative purposes only—any future civil action by Tracy Nixon that does

### D.  Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Nixon's complaint be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: August 2, 2018       s/David R. Grand
Ann Arbor, Michigan      DAVID R. GRAND
     United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being

---

> not comply with these requirements and immediately close the case after placing a copy of the sanction order in the file, with no other action taken on non-compliant submissions.

*Nixon v. Abbott,* No. 13-3807-N, 2014 WL 223644, at *1 (N.D. Texas Jan. 17, 2014).

While the filing restriction imposed by the Northern District of Texas court does not apply outside that district, Nixon should ensure that any future civil complaint he might file comports with the pleading standards discussed above.

served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2018.

                                            s/Eddrey O. Butts
                                            EDDREY O. BUTTS
                                            Case Manager