UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY NIXON,

          Plaintiff,          Civil Action No. 18-12118
                                      Honorable David M. Lawson
v.                                   Magistrate Judge David R. Grand

GENERAL MOTORS CORPORATION,

          Defendant.
_____/

**REPORT AND RECOMMONDATION TO**
**GRANT DEFENDANTS' MOTION TO DISMISS [19]**

On July 5, 2018, Plaintiff Tracy Nixon ("Nixon") filed a *pro se* complaint against Defendant General Motors Corporation ("GM"). (Doc. #1). Nixon has been granted permission to proceed *in forma pauperis* in this case, which the Honorable David M. Lawson referred to the undersigned pursuant to 28 U.S.C. § 636(b) for general case management and screening under 28 28 U.S.C. § 1915(E)(2)(B). (Docs. #5, #6).

Presently before the Court is a Motion to Dismiss filed by GM on August 17, 2018. (Doc. #19).[1] Nixon did not file a response to this motion, and the time for doing so has passed. Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

---

[1] On August 2, 2018, the undersigned issued a Report and Recommendation to dismiss Nixon's complaint *sua sponte* under 28 U.S.C. § 1915(e). (Doc. #14). Nixon filed objections to that Report and Recommendation, which remain pending. Although GM did not file a response to Nixon's objections, its instant motion addresses the substance of Nixon's objections. Because GM also argues in its instant motion that Nixon never properly served his complaint on it, it is appropriate for this Court to address that motion notwithstanding the pendency of Nixon's objections to the earlier Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that GM's Motion to Dismiss **(Doc. #19)** be **GRANTED**.

**II.    REPORT**

   **A.    The Allegations in Nixon's Complaint**

Substantively, Nixon's complaint consists of only a few conclusory handwritten sentences accusing GM of copyright infringement with respect to the 2016 and 2017 Chevrolet Corvette C7 Z06 automobile. Specifically, Nixon alleges the following:

> All conditions precedent have occurred. Plaintiff is a U.S. Citizen that Designed the Corvette 2016, 2017 C7 Z06 Body Style. The Body Style of the Corvette was designed in or about 1989-1990 with ground effects. Herein mentioned the hood, the ground effects the rear tail was designed in Dallas, Texas created from fiberglass moulding Defendant Infringed plaintiff's copyright by publishing and placing on the market a corvette Chevrolet 2016 C7 Z06 2017 with the same body style or the Corvette designed by Plaintiff which was Largely copied from Plaintiff [sic] copyrighted Corvette design.

(Doc. #1 at 5).

GM now moves to dismiss Nixon's complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

   **B.    Standard of Review**

When examining a motion to dismiss under Rule 12(b)(5), the Court determines sufficiency of service under Fed. R. Civ. P. 4. Regarding the appropriate method of service, Rule 4(h)(1) provides that a domestic corporation must be served by either following the law of the state where the district court is located or where service is made, as required by Rule 4(c)(1); or by delivering a copy of the summons and complaint "to an office, a managing or general agent, or any other

agent authorized by appoint or by law to receive service of process." Furthermore, "if the agent is one authorized by statute and the statute so requires," a copy of the summons and complaint must also be mailed to the defendant. Fed. R. Civ. P. 4(h)(1). Michigan state law provides that a domestic corporation that is doing business may be served by: (1) serving the summons and complaint on an officer or the resident agent; or (2) serving the summons and complaint on a director, trustee, or person in charge of an office or business establishment of the corporation, and sending the summons and complaint by registered mail, addressed to the principal office of the corporation. M.C.R. 2.105(D). If the corporation has "failed to appoint and maintain a resident agent or to file a certificate of that appointment, as required by law," then the summons and complaint should be sent by registered mail to the corporation or to an appropriate corporation officer, and to the Corporate Division of the Michigan Bureau of Commercial Services. (*Id.*).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. In general, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." (*Id.* at 555). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the contrary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Moreover, to satisfy the Federal Rules' pleading requirements, "a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather she must identify the

'specific original work [that] is the subject of the claim' as well as 'by what acts' the defendant infringed the copyright." *Sharp v. Patterson*, No. 03 Civ 8772, 2004 WL 2480426, at *12-13 (S.D.N.Y. Nov. 3, 2004).

**C.  Analysis**

Under the above standards, and for the reasons discussed below, the Court should grant GM's instant Motion to Dismiss.

**i.  Rule 12(b)(5) – Failure to Serve GM with Process**

As of the date of this filing, Nixon has not corrected or addressed the issue of improper service. Indeed, he did not file any response whatsoever to GM's instant motion. As GM notes, "the entity CSC . . . sent [Nixon] a letter rejecting service of process, explaining 'According to our records and the records at the Secretary of State, or other appropriate state agency, ***we are not the registered agent for the company you are trying to service***.'" (Doc. #19 at 11) (quoting CSC's 7/30/18 "Rejection of Service of Process" letter to Nixon, Doc. #16 at 6). Given Nixon's *pro se* status, the Court would ordinarily not order dismissal solely for improper service and would more likely issue an order to show cause, giving the plaintiff an opportunity to remedy the improper service. In this case, however, the Court declines to go that route because, for the reasons discussed below, it would be a futile exercise; GM is entitled to dismissal on the merits.

**ii.  Rule 12(b)(6) – Failure to State a Claim for Relief**

As the Court explained in its prior Report and Recommendation (Doc. #14), the bare, conclusory allegations asserted in Nixon's complaint fail as a matter of law to state a claim for relief. To begin with, pursuant to 17 U.S.C. § 411(a), and subject to certain exceptions, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

17 U.S.C. § 411(a).  Nixon's complaint alleges no facts to show he met this precondition prior to commencing this action.  The conclusory assertion in Nixon's complaint that "[a]ll conditions precedent have occurred" (Doc. #1 at 5), is insufficient to satisfy Section 411(a) because this is a bare "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Further, Nixon's complaint fails to allege facts showing that he owned a valid copyright or when or how GM copied his original work.  Nixon's assertion that GM "[i]nfringed [his] copyright by publishing and placing on the market a corvette Chevrolet 2016 C7 Z06 2017 with the same body style or the Corvette designed by Plaintiff" is nothing more than a bare "legal conclusion couched as a factual allegation" that is insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.  Accordingly, Nixon's complaint fails to state a claim for relief, and dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

As GM persuasively argues, Nixon's reliance on *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) to support his objections to this Court's prior Report and Recommendation is misplaced.  In his objections, Nixon argues that the Supreme Court held in *Reed Elsevier* "that although the Copyright Act,s [sic] registration requirement, 17 U.S.C. 411(a) is a precondition to filing a copyright infringement claim, a copyright holders [sic] failure to comply with that requirement does not restrict a federal courts [sic] subject matter jurisdiction over infringement claims involving unregistered works." (Doc. #17 at 3-4).  But Nixon's argument lacks merit because, even if, as the *Reed Elsevier* Court held, the precondition required by Section 411(a) is "non-jurisdictional" in nature, 559 U.S. at 166, that does not mean a copyright plaintiff need not satisfy the statute's precondition to state a claim for relief; whether the Court has subject matter jurisdiction over a particular type of claim is a wholly different issue than whether the claim has been adequately pled.  Indeed, the *Reed Elsevier* Court clearly articulated that its holding does not

5

remove any nonjurisdictional "types of threshold requirements that claimants must complete, or exhaust, before filing a lawsuit . . . Section 411(a) thus imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents" *Id.* Thus, this Court's prior finding that Nixon failed to meet the prerequisite of Section 411(a) (Doc. #14 at 4) is consistent with *Reed Elsevier's* holding, and GM is entitled to dismissal as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that GM's Motion to Dismiss (**Doc. #19**) be **GRANTED**.

Dated: October 30, 2018                    s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                           United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of objections must be served upon the Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise,

and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2018.

                                                s/Eddrey O. Butts  
                                                EDDREY O. BUTTS  
                                                Case Manager