UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY NIXON,

       Plaintiff,                                 Case Number 18-12118

v.                                                Honorable David M. Lawson

GENERAL MOTORS CORPORATION,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO EXTEND TIME FOR FILING NOTICE OF APPEAL

On October 30, 2018, the magistrate judge issued a report recommending that the Court grant the defendant's motion to dismiss. On November 28, 2018, having received no objections from the parties, and long after the time for objecting had expired, the Court adopted the recommendation of the magistrate judge and dismissed the case. The plaintiff filed a tardy notice of appeal on January 14, 2019, which was dismissed by the court of appeals for want of jurisdiction, and because the plaintiff had not filed any motion in this Court to reopen the time for filing a notice of appeal. After his appeal was dismissed, the plaintiff filed a motion for reconsideration and a motion to extend the time for filing a notice of appeal. However, the motion for reconsideration was filed far beyond the time allowed, and the Court is without power either to grant the late motion to extend time to appeal or to reopen the time to appeal.

The motion for reconsideration is untimely because it was filed long after the deadline for filing such a motion had expired. "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). The motion here was filed on March 7, 2019, more than three months after the judgment was entered.

The motion to extend the time for filing a notice of appeal was filed far beyond the time in which the Court had authority either to extend or to reopen the time for an appeal. "The losing party in a civil case has a right to appeal, but the right does not last forever." *Martin v. Sullivan*, 876 F.3d 235, 236 (6th Cir. 2017). "Federal Rule of Appellate Procedure 4(a) and its statutory counterpart, 28 U.S.C. § 2107, set out a strict timetable," and "'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" *Ibid.* (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). "There are only two circumstances in which the party can move the district court for more time. First, it can move for an extension under Rule 4(a)(5) based on 'excludable neglect or good cause.' Or alternatively, it can move to reopen the time to file an appeal under Rule 4(a)(6) if it did not receive proper notice of the underlying judgment." *Id.* at 237 (citing Fed. R. App. 4(a)(5)-(6); 28 U.S.C. § 2107(c)). However, "if a losing party wants more time to file an appeal, it must file a motion in the district court asking for more time," and "merely filing a notice of appeal does not amount to a motion for more time to file an appeal." *Ibid.*

The motion to extend the time for filing a notice of appeal is untimely because it was not filed within the grace period allowed by Federal Rule of Appellate Procedure 4(a)(5), which in no event may extend beyond 60 days after the entry of judgment (30 days after the expiration of the original 30-day deadline under Rule 4(a)(1)). "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No

extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thus, a district court acting under Rule 4(a)(5) may not under any circumstances extend the time for filing the notice of appeal beyond 30 days after the time originally prescribed by Rule 4(a)(1). "At most . . . the district court [may] extend[] the deadline only until . . . 30 days after the original . . . deadline" for filing the notice of appeal. *Hiles v. Army Review Board Agency*, No. 16-3996, 2017 WL 7806617, at *1 (6th Cir. Aug. 23, 2017) (citing *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997) (noting that the district court never is authorized to grant a Rule 4(a)(5) motion that was filed beyond the 30-day extension period)). "Unlike § 2107(c), . . . Rule 4(a)(5)(C) limits extensions of time to file a notice of appeal in *all* circumstances, not just in cases in which the prospective appellant lacked notice of the entry of judgment." *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13, 19 (2017). In this case, regardless whether the plaintiff has shown good cause or excusable neglect, or when he received notice of the judgment, the Court is without power to extend the time for filing a notice of appeal beyond 60 days from the entry of judgment, or January 27, 2019. The motion filed on March 7, 2019 was not even presented to the Court until more than a month after the latest date to which an extension could have been granted. Thus the Court is without power to consider the tardy motion to extend. *Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001) ("Even if the reasons offered by Martin in support of his motion qualify as excusable neglect, he had only an additional thirty days to file a motion for an extension of time.").

Moreover, even if the Court generously construes the motion as one to reopen the time for filing a notice of appeal, it still could not be granted because it was not filed within the time allowed after the plaintiff asserts that he received notice of the judgment. "Because [the plaintiff] received

notice of the entry of the judgment earlier than 180 days after the judgment was entered, he was required to file a motion to reopen the time for appeal within [14] days after receiving notice." *Straub*, 27 F. App'x at 338 (citing Fed. R. App. P. 4(a)(6)(B)). According to his motion, the plaintiff received notice of the judgment on January 9, 2019. Thus, he was required to file his motion to reopen the time for appeal at the latest by January 23, 2019. The present motion was filed more than a month after that deadline had passed, and the Court "has no authority to consider a motion which is not filed within Rule 4(a)(6)'s time constraints." *Ibid.*

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration (ECF No. 29) and motion to extend the time for filing a notice of appeal (ECF No. 30) are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: April 3, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 3, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---